JAMES P. C. SILVESTRI, ESQ.
Nevada Bar No. 3603
KRYSTAL A. KEMP, ESQ.
Nevada Bar No. 10908
PYATT SILVESTRI & HANLON
701 Bridger Avenue, Suite 600
Las Vegas, Nevada 89101
Telephone:    702-383-6000
Facsimile:     702-477-0088

RONALD F. REMMEL, ESQ.
EVANGELINE CHEUNG, ESQ.
NEWTON REMMEL
1451 Grant Road, P.O. Box 1059
Mountain View, CA 94042
Telephone:    650-903-0500
Facsimile:     650-967-5800

Attorneys for Defendants,
WHIRLPOOL CORPORATION &
LOWES HIW, INC.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| KATHLEEN CERNETICH, individually; DEIDRE TAYLOR, individually; and JUDITH NURSE, individually;<br><br>Plaintiffs,<br><br>vs.<br><br>SCOTT JONES, an individual; WHIRLPOOL CORPORATION, a foreign corporation; DOE individuals I-V, and ROE CORPORATIONS VI-X;<br><br>Defendants.<br><br>AND ALL RELATED ACTIONS. | CASE NO.: 2:09-CV-01115-JCM-LRL<br><br>**MOTION FOR LEAVE TO FILE UNDER SEAL AN UN-REDACTED VERSION OF WHIRLPOOL'S AND LOWES' MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT** |

Defendants, Whirlpool Corporation ("WHIRLPOOL") and Lowes HIW, Inc. ("LOWES), by and through their counsel of record, James P.C. Silvestri, Esq., and Krystal A. Kemp, Esq., of the law firm of Pyatt, Silvestri & Hanlon, hereby request leave to file a sealed, un-redacted version of WHIRLPOOL'S and LOWES' Motion for Determination of Good Faith Settlement.

Pursuant to FRCP 5.2 and for good cause, WHIRLPOOL and LOWES hereby request an order permitting them to file under seal an un-redacted version of their Motion for Determination of Good Faith Settlement.

This motion is based on the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and the arguments of counsel that the Court may entertain at a hearing on these matters.

DATED this 12th day of November, 2010.

PYATT SILVESTRI & HANLON

BY: _/s/ Krystal A. Kemp_
James P.C. Silvestri, Esq.
Krystal A. Kemp, Esq.
700 Bridger Ave., Suite 600
Las Vegas, Nevada  89101

NEWTON REMMEL
Ronald F. Remmel, Esq.
Evangeline Cheung, Esq.
1451 Grant Road
P.O. Box 1059
Mountain View, CA 94042

Attorneys for Defendants,
WHIRLPOOL CORPORATION &
LOWES HIW, INC.

## MEMORANDUM OF POINTS & AUTHORITIES

### I.

### FACTS

This matter involves claims for damages resulting from a fire that occurred at the Lake Mead Marina located in Boulder City, Clark County, Nevada, on or about May 22, 2008. The fire destroyed and/or damaged several boats, together with the contents of each.

/ / /

/ / /

/ / /

## II.

## PROCEDURAL BACKGROUND

On September 27, 2010, this case underwent a Settlement Conference with the honorable Magistrate Judge Lawrence Leavitt. Pro per plaintiffs, KATHLEEN CERNETICH, DEIDRE TAYLOR and JUDITH NURSE attended the Settlement Conference either in person or via telephonic appearance. Plaintiffs AMERICAN FAMILY MUTUAL INSURANCE COMPANY and STATE FARM INSURANCE COMPANY also attended, accompanied by counsel. Claimant FEDERAL INSURANCE COMPANY was represented by legal counsel at the Settlement Conference. Defendants WHIRLPOOL and LOWES also attended the Settlement Conference via their legal counsel.

Defendant SCOTT JONES did not attend the Settlement Conference, nor did his legal counsel or a representative of his insurance company - Progressive Insurance Company.

As a result of Magistrate Judge Leavitt's assistance and the lengthy discussions of the parties, WHIRLPOOL and LOWES were able to reach confidential settlement on all of the plaintiffs' claims against them in this matter.

On November 12, 2010, WHIRLPOOL and LOWES filed a redacted version of their Motion for Determination of Good Faith Settlement.

## III.

## ARGUMENT

WHIRLPOOL and LOWES' Motion to File Under Seal should be granted for good cause. The parties agreed to enter confidential settlement agreements. The confidentiality of those agreements is a material term of same.

A.   **FED. R. CIV. P. 5.2**

The Fed. R. Civ. P. acknowledges that there are circumstances that require court filings to be made under seal. *See*, generally, Fed. R. Civ. P. 5.2. In some circumstances the parties may need the court's assistance in obtaining leave to file a document under seal. This is such a time.

/ / /

/ / /

B.  **THE MOTION SHOULD BE FILED UNDER SEAL**

There is a presumption in favor of public access to papers filed with the Court. *See, Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th 1995). However, it is within the District Court's "supervisory power over its own records and files" to limit access to those filings. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306, 1312 (1978). Courts have limited public access to filings to insure that its records are not used: for libelous reasons, to promote public scandal, to publish details of a divorce case, or as sources of private business information. *Id.* (Internal citations omitted.)

In *Hagestad*, the Court iterated the approach that the Ninth Circuit takes in determining whether a document may be sealed: the presumption of public access may be overcome only "on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." 49 F.3d at 1434 (citations omitted). Furthermore, the party seeking to seal court filings must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Clark v. Metro. Life Ins. Co.*, 2010 WL 1006723 (D. Nev. 2010), citing *Kamakana, City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th 2006) (internal citations omitted).

In this case, the redacted portions of the Motion for Determination of Good Faith Settlement all directly relate to the confidential terms of the settlement agreements reached by WHIRLPOOL and LOWES with the plaintiffs/claimants. Confidentiality of those agreements was made a material term of the Settlement Agreements.

There is good cause for the settlement amount to remain confidential. First, the parties contemplated the confidentiality of the settlement terms, including the settlement amounts, during the course of the Settlement Conference. Second, all parties with an interest in the amount of the settlement have knowledge of the amount of the settlement. Third, WHIRLPOOL and LOWES interest in protecting their business interests outweighs the minimal impact on the public policy favoring public access to documents filed with the court.

First, the parties have agreed between themselves to keep the terms of the settlement agreements confidential. The preference of the parties for confidentiality should be given

1 deference by the Court. WHIRLPOOL and LOWES specifically requested the terms of the
2 settlement agreements remain confidential due to an interest in protecting their business pursuits.
3       Further, WHIRLPOOL and LOWES have a legitimate interest in protecting their
4 reputation and business interests. WHIRLPOOL and LOWES believe these interests will be best
5 protected by keeping the settlement amounts, and all other terms of the settlement agreements,
6 confidential and protected from public disclosure.
7       Finally, the policy of full disclosure to the public by the Court is not undermined by filing
8 a complete copy of the Motion for Determination of Good Faith Settlement under seal.
9 WHIRLPOOL and LOWES have already filed a redacted version of the Motion for
10 Determination of Good Faith Settlement that is available for public viewing.

## IV.
## CONCLUSION

Based on the foregoing, Defendants, WHIRLPOOL and LOWES, respectfully request this Honorable Court grant their Motion to File Under Seal as set forth above.

DATED this 12th day of November, 2010.

PYATT SILVESTRI & HANLON

_[signature: Krystal O. Kemp]_

James P.C. Silvestri, Esq.
Krystal A. Kemp, Esq.
700 Bridger Ave., Suite 600
Las Vegas, Nevada 89101

NEWTON REMMEL
Ronald F. Remmel, Esq.
Evangeline Cheung, Esq.
1451 Grant Road
P.O. Box 1059
Mountain View, CA 94042

Attorneys for Defendants,
WHIRLPOOL CORPORATION &
LOWES HIW, INC.

IT IS SO ORDERED.

_[signature]_
_____
UNITED STATES MAGISTRATE JUDGE
DATED: _____11-18-10_____

Page 5 of 6

## CERTIFICATE OF MAILING

This is to certify that on the _____ day of November, 2010, the undersigned electronically filed and deposited in the United States Mails at Las Vegas, Nevada, postage fully prepaid, a true and correct copy of the foregoing **MOTION FOR LEAVE TO FILE UNDER SEAL AN UN-REDACTED VERSION OF LOWES' AND WHIRLPOOL'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT** addressed as follows:

Judith Nurse
1000 Keeystone Drive
Cleveland Heights, OH 44121

Kathleen Cernetich
P. O. Box 61216
Boulder City, Nevada 89006

Deidre Taylor
840 Bussoro Rose Drive
Henderson, NV 89015

Courtesy Copy:

Gilbert Hernandez, Esq.
501 West Broadway, Suite 1610
San Diego, California 92101
Attorney for
Federal Insurance Co.

_____
An employee of PYATT SILVESTRI & HANLON